UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BAYRAM SAHIN,

                Petitioner,           8:13-cv-358
                                                            (GLS/RFT)

        v.

UNITED STATES OF AMERICA,

                Respondent.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PETITIONER:**<br>Baurkot & Baurkot<br>227 South Seventh Street<br>Easton, PA 18042 | RAYMOND G. LAHOUD, ESQ. |
| **FOR THE RESPONDENT:**<br>HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>P.O. Box 7198<br>100 South Clinton Street<br>Syracuse, NY 13261-7198 | SEAN K. O'DOWD<br>Assistant U.S. Attorney |

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Petitioner Bayram Sahin has petitioned this court for a writ of error *coram nobis*, vacating his October 14, 1999 plea, conviction, and sentence

in connection with charges brought against him in the United States District Court for the Northern District of New York.  (Pet., Dkt. No. 1 at 1.)  Sahin alleges that his conviction is invalid and should be vacated because of various due process violations associated with the plea.  (*Id.* at 5-6.)  In a Report-Recommendation and Order (R&R) dated March 12, 2014, Magistrate Judge Randolph F. Treece recommended that the petition be denied.  (Dkt. No. 5 at 10.)  Sahin has filed objections to the R&R.  (Dkt. No. 6.)  For the reasons that follow, the R&R is adopted and Sahin's petition is dismissed.

## II. Background

Sahin is a Turkish national who first entered the United States on July 29, 1997.  (Pet. at 1; Dkt. No. 1, Attach. 2 at 2; Dkt. No. 1, Attach. 3 at 2.)  On October 13, 1999, Sahin was taken into custody by Customs and Border Patrol officials, and charged with violating 8 U.S.C. § 1324(a)(2)(A) for "knowingly, willfully, intentionally and unlawfully bring[ing] to the United States . . . an alien . . . [who] had not received prior official authorization to come to, enter or reside in the United States."  (Pet. at 1-2; Dkt. No. 1, Attach. 3 at 2-3; Dkt. No. 1, Attach. 4 at 2.)  On October 14, Sahin appeared before Magistrate Judge Henry C. Van Acker, Jr. of the Northern

District of New York, at which time he waived his right to trial by jury and entered a plea of guilty to the charged offense. (Pet. at 2-3; Dkt. No. 1, Attach. 5 at 2; Dkt. No. 1, Attach. 6 at 2.) Sahin's guilty plea was accepted, and he was sentenced to thirty days in jail. (Pet. at 3; Dkt. No. 1, Attach. 7 at 6.)

On November 19, removal proceedings were commenced against Sahin because of his federal conviction. (Pet. at 3; Dkt. No. 1, Attach. 2 at 2-3.) Sahin appeared, with counsel, before an immigration judge and argued that his underlying conviction did not merit deportation. (Dkt. No. 1, Attach. 8 at 7-10, 14-17.) Ultimately, Sahin was found removable and an order of deportation was entered against him on October 24, 2000. (*Id.* at 20-22.)

Sahin subsequently appealed the order of removal to the Board of Immigration Appeals, which was denied, and he then filed a petition for review with the Second Circuit Court of Appeals. (Pet. at 4; Dkt. No. 1, Attach. 9 at 2; Dkt. No. 1, Attach. 10 at 2.) Ultimately, on April 14, 2005, the Second Circuit dismissed Sahin's appeal because of his failure to comply with the court's scheduling order. (Dkt. No. 1, Attach. 10 at 2, 8.) Sahin alleges in the *coram nobis* petition currently pending before this court

that, although the order of removal was in force against Sahin, he was not taken into custody by officials from the Department of Homeland Security, in order to execute the removal order, until 2012, at which time he was deported from the United States. (Pet. at 4.)

### III. Standard of Review

Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

### IV. Discussion

Sahin has specifically objected to the recommendation in the R&R that his petition be dismissed as untimely. (Dkt. No. 5 at 8-10; Dkt. No. 6.)

4

The court therefore has conducted a *de novo* review of this issue and, for the reasons that follow, adopts the R&R and dismisses Sahin's petition.

A petitioner seeking *coram nobis* relief must demonstrate that: "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist [ ] for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996) (internal quotation marks and citations omitted); *see United States v. Morgan*, 346 U.S. 502, 512 (1954). With respect to the second element, although *coram nobis* relief has no specific statute of limitations, such relief "may be barred by the passage of time." *Foont*, 93 F.3d at 79 (noting that timeliness of a petition seeking *coram nobis* relief is decided "in light of the circumstances of the individual case"). Therefore, unless the petitioner can demonstrate "sufficient justification for his failure to seek relief at an earlier time, the writ is unavailable and his petition for *coram nobis* should be dismissed." *Nicks v. United States*, 955 F.2d 161, 167-68 (2d Cir. 1992).

In his objections, Sahin asserts that Judge Treece erred in concluding that no sound reason existed for Sahin's failure to seek

5

appropriate relief earlier, and thus in recommending that Sahin's petition be dismissed as untimely. (Dkt. No. 6 at 2-6.) Specifically, Sahin argues that his pursuit of administrative remedies in connection with his immigration proceedings, and the government's delay in executing the deportation order entered against him, demonstrate sound reasons for his delay in filing a *coram nobis* petition. (*Id.*) On the facts present in this case, Sahin's arguments are unpersuasive.

With respect to Sahin's administrative appeals, Sahin argues that the pendency of such appeals provides a sound reason for his delay. (Dkt. No. 6 at 3-4.) Specifically, Sahin points to *Yong Wong Park v. United States*, 222 F. App'x 82 (2d Cir. 2007), a case in which the Second Circuit held that the pursuit of administrative remedies could be a sound reason justifying a delay in filing a *coram nobis* petition. (*Id.*) However, the current case is distinguishable in that, in *Yong*, the petitioner's delay in filing was justified because he "was still awaiting a final decision from the Board of Immigration Appeals when he filed [his] petition," 222 F. App'x at 83, whereas here, Sahin's administrative appeals were exhausted in 2005, when the Second Circuit dismissed his petition for review, and he did not file his petition until almost eight years later, (Dkt. No. 1, Attach. 10 at 2, 8).

In any event, even if Sahin's pursuit of administrative appeals justified any delay during the time that such appeals were pending, the almost eight year delay between when the Second Circuit dismissed Sahin's petition for review—in April 2005—and when he ultimately filed his *coram nobis* petition—in March 2013—is not justified by sound reasons, and is a basis for dismissal of his petition. *See, e.g.*, *United States v. Sash*, 374 F. App'x 198, 199-200 (2d Cir. 2010) (affirming dismissal of *coram nobis* petition after approximately four-year delay between petitioner's conviction/sentencing and filing of the petition); *Ejekwu v. United States*, No. 02 CV 699, 2005 WL 3050286, at *3 (E.D.N.Y. Nov. 14, 2005) (dismissing after an approximately two-year delay); *Mastrogiacomo v. United States*, No. 90 CR 565, 2001 WL 799741, at *2 (S.D.N.Y. July 16, 2001) (dismissing after a three-year delay). Sahin argues that the government's delay in enforcing the outstanding order of removal in place against him caused him to believe that no action needed to be taken with respect to his conviction. (Dkt. No. 6 at 4-6.) He asserts, in conclusory fashion, that had the government acted sooner on the deportation order, "he would have filed a writ." (*Id.* at 5.) Sahin provides no legal authority for

7

the assertion that government inactivity as present here justifies a petitioner's delay in filing his *coram nobis* petition, and the court has been unable to locate support for such a proposition.

Sahin's petition is based on his argument that due process violations occurred in connection with his guilty plea, and that, if he were aware of the deportation consequences of pleading guilty to his underlying offense, he would not have done so. (*See generally* Pet.) He appears to argue that he was not aware of the deportation consequences of his conviction until the order of deportation was executed against him in 2012. (Dkt. No. 6 at 6-7 n.4.) However, Sahin knew or should have known of such deportation consequences when the order of deportation was entered against him in 2000, and certainly at the end of the appeals process in 2005. Yet, he did not file his petition until 2013, and has provided no sound reasons that would justify such a delay. *See Foont*, 93 F.3d at 79; *Nicks*, 955 F.2d at 167-68. The court therefore adopts Judge Treece's recommendation and dismisses Sahin's petition.

As to the remainder of the R&R, as there are no objections, the court has reviewed it for clear error and found none. *See Almonte*, 2006 WL 149049, at *4-5. The R&R is therefore adopted in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Randolph F. Treece's March 12, 2014 Report-Recommendation and Order (Dkt. No. 5) is **ADOPTED**; and it is further

**ORDERED** that Sahin's petition for a writ of error *coram nobis* (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 22, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court